Martin, J.
delivered the opinion of the court. The plaintiff, in this case, had a verdict and judgment—the defendant, on an appeal obtained a rev *83 ersal of the judgment, on the ground that it contained the citation of no law, nor any of the reasons on which it was grounded, 5 Martin, 686. Whereupon the case was remanded, with directions to the district judge, to proceed and give judgment, according to the directions of the constitution and law. He did so, in favour of the plaintiff, and the defendant appealed.
West'n District.
September, 1820.
His counsel assigns as an error, apparent on the record, that the judgment was given at November term, on a verdict rendered in June preceding, without any new proceedings thereon : whereas, it is contended, a trial de novo ought to have taken place, on the return of the case into the district court.
It is urged that a reversal, like an arrest, of judgment, avoids the verdict, on which it was rendered. We do not think so.
A judgment is arrested, when it appears that the record is so imperfect, that no judgment can be rendered thereon. It is, therefore, clear that, in such a case, the verdict can be of no avail—for it finds facts, on which no judgment can be given. The defect is in some thing anterior to the verdict, and sublato fundamento, cadit opus. When, on the contrary, the defect is some thing posterior, the verdict is not affected thereby, and nothing prevents its being proceeded on after the reversal of the judg *84 ment, if there be no defect in the proceedings anterior to the verdict.
The counsel further relies on a provision of the court law, 2 Martin's Dig. 193, n. 14, which requires that the district judge should render their judgments, in the shortest possible delay, and they should never leave in suspense any decision in cases tried, when they close a session of their respective courts.
In the present case, the letter of the law has been complied with. The district judge proceeded on to the determination of the cause, according to what appeared to him just and legal. This court has, however, been of opinion that he erred, and reversed his judgment. Hence, the counsel of the defendant and appellant argues that the law cited, forbidding the district judge to leave any case in suspense, on the rise of the court, precludes him from doing any thing therein, afterwards; that, if a cause be not finally disposed of on the adjournment of the court, or if the judge be prevented from proceeding by sickness, or if he die, it is an end and the parties must begin ab ovo.
A construction of the act in this manner would be what lord Coke calls maledicta expositio quœ corrodit viscera texti. The intention of the legislature was clearly the dispatch of business—the speedy termination of suits. This construction leads to the *85 delay of justice, to the perpetuation of legal contests. We cannot admit it.
Wilson for the plaintiff, Baldwin for the defendant.
It is therefore, ordered, adjudged and decreed that the judgment of the district court be affirmed with costs.